UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SCOTT STIEPLEMAN, on behalf of himself and those similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ORECK CORPORATION, ORECK DIRECT, LLC, and DAVID ORECK,<br><br>        Defendants. | Complaint – Class Action<br><br>CA. No. 11-61861-CIV-DIMITROULEAS |

**PLAINTIFF'S MOTION FOR AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF THE APPOINTMENT OF CO-LEAD INTERIM CLASS COUNSEL PURSUANT TO FED.R.CIV.P. 23(G)(3)**

## **TABLE OF CONTENTS**

Page

## **TABLE OF CONTENTS**

Page

Table of Authorities ................................................................................................................. iii

Introduction and Preliminary Statement ................................................................................... 1

Factual Background .................................................................................................................. 1

Legal Argument ........................................................................................................................ 3

    Plaintiff's Counsel Should Be Appointed as Co-Lead Interim Class Counsel ................... 3

        a)    The Legal Standard Governing Appointment Under Fed.R.Civ.P. 23(g) ......................................................................................................................... 3

            i)    Counsel's Identification and Investigation of the Claims ............... 6

            ii)    Counsel's Experience in Handling Class Actions and Other Complex Litigation ......................................................................... 8

                A)    Bursor & Fisher ................................................................. 8

                B)    Faruqi & Faruqi ................................................................. 9

                C)    Thornton, Davis & Fein ..................................................... 10

            iii)    Counsel's Knowledge of the Applicable Law .............................. 11

            iv)    The Resources Counsel Will Commit to Representing the Class ................................................................................................ 11

Conclusion .............................................................................................................................. 11

Certificate of Service .............................................................................................................. 13

# **TABLE OF AUTHORITIES**

**Cases**

Columbus Drywall & Insulation, Inc. v. Masco Corporation,
    258 F.R.D. 545 (N.D. Ga. 2007)..................................................................................................8

Delre v. Hewlett-Packard Co.,
    C.A. No. 3232-02 (N.J. Super. Ct. 2002) .................................................................................11

Hoxworth v. Blinder, Robinson & Co., Inc.,
    980 F.2d 912 (3d Cir. 1992)......................................................................................................5

In re Air Cargo Shipping Services Antitrust Litig.,
    240 F.R.D. 56 (E.D.N.Y. 2006) ..............................................................................................4, 6

In re Municipal Derivatives Antitrust Litigation,
    252 F.R.D. 184 (S.D.N.Y. 2008) ..............................................................................................6

In Re Pressure Sensitive Labelstock Antitrust Litigation,
    2007 WL 415066 (M.D.Pa. 2007) ............................................................................................6

In re Prudential Insurance of America Sales Practices Litigation,
    962 F.Supp. 450 (D.N.J. 1997) .................................................................................................5

In re Terazosin Hydrochloride Anti-Trust Litigation,
    220 F.R.D. 672 (S.D. Fla. 2004)................................................................................................8

In re: HP Power-Plug Litigation, Case No. 06-1221 (N.D. Cal.) ...................................................11

Ingram v. Health Management Assocs., Inc.,
    2009 WL 1653565 *1 (M.D. Fla. June 10, 2009).........................................................8, 12

Miller v. Beazer Homes USA, Inc.,
    2007 WL 3005332 *1-2 (N.D. Ga. October 11, 2007) .......................................................7

Nowak v. Ford Motor Co.,
    240 F.R.D. 355 (E.D.Mich. 2006) ...........................................................................................6

Thomas v. Global Vision Products,
    Case No. RG-03091195, (California Superior Ct., Alameda Cty.) .............................10, 12

Waudby v. Verizon Wireless Services, Inc.,
    248 F.R.D. 173 (D.N.J. 2008)..............................................................................................4, 6

**Statutes**

Fla. Stat. §501.201 ........................................................................................................................ 3

**Other Authorities**

Fed.R.Civ.P. 23(g)(3) ................................................................................................................ passim

Magnuson-Moss Act, 15 U.S.C. §2301 ............................................................................................ 2

Manual for Complex Litigation, Fourth, § 10.21 (2004) ................................................................. 3

Manual for Complex Litigation, Fourth, § 21.271 (2004) ............................................................... 4

Moore's Federal Practice § 23.120[3][a] (3D. ED. 2007) ................................................................. 5

_____
PLAINTIFF'S MOTION TO APPOINT CO-LEAD INTERIM CLASS COUNSEL                                       iv

## INTRODUCTION AND PRELIMINARY STATEMENT

Counsel for Plaintiff, Bursor & Fisher, P.A. ("Bursor & Fisher"), Faruqi & Faruqi, LLP ("Faruqi & Faruqi"), and Thornton, Davis & Fein, P.A. ("Thornton, Davis & Fein"), hereby move for appointment as Co-Lead Interim Class Counsel in the above matter pursuant to Fed.R.Civ.P. 23(g)(3).

This motion is brought on the grounds that appointment of Co-Lead Interim Class Counsel is necessary to protect the interests of the proposed class and progress toward class certification and trial. Additionally, this motion is brought on the grounds that the appointment of Co-Lead Interim Class Counsel will create one unified voice for Plaintiff and the putative class, and in turn promote efficiency and conserve judicial resources.

For all these reasons, and as detailed more fully below, Plaintiff respectfully requests that the Court grant his motion and appoint Bursor & Fisher, Faruqi & Faruqi, and Thornton, Davis & Fein as Co-Lead Interim Class Counsel.

## FACTUAL BACKGROUND

This class action against ORECK CORPORATION, ORECK DIRECT, LLC, and DAVID ORECK (collectively "Oreck" or "Defendants") arises from an elaborate false and deceptive advertising campaign designed to convince customers that the Oreck XL Professional ("XL Professional"), Oreck ProShield ("ProShield"), and Oreck ProShield Plus ("ProShield Plus") lines of portable air purifiers (collectively "Oreck Air Purifiers") would capture and destroy many airborne bacteria and viruses like the flu. [Complaint at ¶¶ 1, 22; Docket No. 1].

Through online websites, print advertisements, packaging materials, in-store displays, commercials, and even infomercials, Oreck disseminated materially false and misleading statements which represented to customers that Oreck Air Purifiers use scientifically proven and

---

independently tested technology to: (1) substantially reduce the risk of or prevent the flu; (2) substantially reduce the risk of or prevent other illnesses or ailments caused by bacteria, viruses, molds, and allergens, such as the common cold, asthma, and allergy symptoms; and (3) eliminate all or virtually all airborne particles from a typical household room under normal living conditions.  *Id.* at ¶ 1, 32.   Oreck's representations are false, misleading, and unsubstantiated.  *Id.* at ¶ 2.  The extent of Oreck's misrepresentations concerning the ProShield Plus were so prolific that the Federal Trade Commission ("FTC") charged Oreck with making the following allegedly false and deceptive claims about the ProShield Plus: (a) the ProShield Plus substantially reduces the risk of or prevents the flu; (b) the ProShield Plus substantially reduces the risk of or prevents other illnesses or ailments caused by bacteria, viruses, molds, and allergens, such as the common cold, asthma, and allergy symptoms; and (c) the ProShield Plus will eliminate all or virtually all airborne particles from a typical household room under normal living conditions.  *Id.* at ¶ 53.

On February 23, 2011, Plaintiff purchased a ProShield Plus from Oreck.  *Id.* at ¶ 57.  In making his initial purchase decision, he relied on Oreck's misrepresentations concerning the ProShield Plus' ability to prevent common illnesses, which Oreck led him to believe was scientifically proven.  *Id.* at ¶ 58.  Plaintiff seeks to represent a class defined as all persons in the United States who have purchased an Oreck XL Professional, Oreck ProShield, and/or Oreck ProShield Plus (the "Class").  *Id.* at ¶ 61.  He asserts five claims including a violation of the Magnuson-Moss Act, 15 U.S.C. §2301, *et seq.* (Count I), breach of express warranty (Count II), unjust enrichment (Count III), and violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201, *et seq.* (Count IV).

## **LEGAL ARGUMENT**

### **PLAINTIFF'S COUNSEL SHOULD BE APPOINTED AS CO-LEAD INTERIM CLASS COUNSEL**

Plaintiff seeks appointment of Bursor & Fisher, Faruqi & Faruqi, and Thornton, Davis & Fein as Co-Lead Interim Class Counsel. For the reasons set forth below, Plaintiff respectfully requests that his counsel be appointed as Co-Lead Interim Class Counsel pursuant to Fed.R.Civ.P. 23(g) because his counsel are best qualified to represent the Class in pursing their claims against Oreck.

      a)      **The Legal Standard Governing Appointment Under Fed.R.Civ.P. 23(g)**

Pursuant to Fed.R.Civ.P. 23(g)(3), this Court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."[1] In doing so, the factors to be considered focus on the work counsel has done in investigating and identifying the claims, counsel's experience and the resources counsel can bring to bear. Thus, a court:

> must inquire into the work counsel has done in investigating and identifying the particular case; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; the resources counsel will commit to representing the class; and any other factors that bear on the attorney's ability to represent the class fairly and adequately.

MANUAL FOR COMPLEX LITIGATION, FOURTH, § 21.271 (2004).

While neither Fed.R.Civ.P. 23(g) nor the Advisory Committee Notes explicitly state the standards to be applied in choosing interim class counsel, courts have applied the same factors

---

[1] Multiple co-lead firms are able to efficiently litigate cases involving complex factual and legal issues and large potential damages. "[C]omplex litigation places greater demands on counsel in their dual roles as advocates and officers of the court." Manual for Complex Litigation, Fourth, § 10.21 (2004).

that apply in choosing class counsel at the time of certification of the class, *i.e.,* the standards set forth in Fed.R.Civ.P. 23(g)(1) apply in choosing interim class counsel. *See Waudby v. Verizon Wireless Services, Inc.*, 248 F.R.D. 173, 175-76 (D.N.J. 2008); *In re Air Cargo Shipping Services Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in [Fed.R.Civ.P. 23(g)(a)(1)(A) and (B)], which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification.").

Rule 23(g)(1) provides, in relevant part, that in appointing class counsel the Court:

(A)   must consider:

(i)   the work counsel has done in identifying or investigating potential claims in the action;
(ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
(iii) counsel's knowledge of the applicable law; and
(iv)  the resources that counsel will commit to representing the class;

(B)   may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class

A class is fairly and adequately represented where counsel is qualified, experienced, and generally able to conduct the litigation on its behalf. *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 923 (3d Cir. 1992); *In re Prudential Insurance of America Sales Practices Litigation*, 962 F.Supp. 450, 519 (D.N.J. 1997). While no one factor under Fed.R.Civ.P. 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigatory and analytical efforts of counsel can be a deciding factor:

[i]n a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks

> that strangers to the action most likely will not have undertaken. ***All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.***

MOORE'S FEDERAL PRACTICE § 23.120[3][a] (3D. ED. 2007) (emphasis added).

If more than one adequate applicant seeks to be designated, "the court must appoint the applicant *best able* to represent the interests of the class." *See* Fed.R.Civ.P. 23(g)(2) (emphasis added); *In re Municipal Derivatives Antitrust Litigation*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008). Additionally, courts can appoint more than one firm to act as co-lead counsel, and frequently do appoint multiple firms as co-lead counsel in complex class action cases. *See, e.g., Waudby*, *supra.*; *Municipal Derivatives, supra.*; *In re Air Cargo Shipping*, 240 F.R.D. at 58-59 (E.D.N.Y. 2006) (appointing four law firms as co-lead counsel), *Nowak v. Ford Motor Co.*, 240 F.R.D. 355 (E.D.Mich. 2006); *In Re Pressure Sensitive Labelstock Antitrust Litigation*, 2007 WL 415066 (M.D.Pa. 2007) (appointing four law firms as co-lead class counsel after previously appointing the same four firms as co-lead interim class counsel).

The considerations set forth above support the designation of Bursor & Fisher, Faruqi & Faruqi, and Thornton, Davis & Fein as Co-Lead Interim Class Counsel. As their professional biographies demonstrate, Plaintiff's legal counsel possess both the experience and resources necessary to vigorously prosecute the class's claims.

### i) Counsel's Identification and Investigation of the Claims

Undersigned counsel's work in identifying and investigating the claims in this case demonstrate that they have and will continue to fairly and adequately represent the class. Proposed Co-Lead Interim Class Counsel have conducted an extensive four-month investigation as to potential claims arising from Oreck's false and deceptive advertising campaign that included: (a) communications with over fifty (50) Oreck customers, (b) communications with authorized Oreck dealers, (c) inspections of Oreck store locations, and (d) review of hundreds of websites dedicated to disseminating Oreck's false advertisements. In fact, undersigned counsel's diligent investigation revealed defects in Oreck air purifier models that went beyond the scope of the FTC's investigation and administrative action.[2] Proposed Co-Lead Interim Class Counsel's diligent and thorough pre-suit investigation is an import point of consideration for this Court. *See, e.g., Miller v. Beazer Homes USA, Inc.*, 2007 WL 3005332 *1-2 (N.D. Ga. October 11, 2007) (appointing co-lead interim class counsel, in part, because of the extensive pre-suit work counsel performed in identifying and investigation potation claims).

In addition to identification and investigation prior to filing suit, the Advisory Committee Notes contemplate that interim counsel may be necessary to conduct pre-certification discovery prior to a determination to grant or deny certification pursuant to Fed.R.Civ.P. 23(c)(1) inasmuch as "some discovery is often necessary for that determination." Fed.R.Civ.P. 23, Advisory Committee Notes (2003); *see, e.g., Ingram v. Health Management Assocs., Inc.*, 2009 WL 1653565 *1 (M.D. Fla. June 10, 2009) (appointing co-lead interim class counsel because the case would involve millions of pages of documents and counsel had worked together effectively and

---

[2] The FTC's investigation and administrative action only involved the Oreck's ProShield Plus line of portable air purifiers, however, undersigned counsel's investigation and current class action lawsuit also includes the XL Professional, ProShield, and ProShield Plus. [Complaint at ¶¶ 1, 22; Docket No. 1].

efficiently in the past and achieved outstanding results); *Columbus Drywall & Insulation, Inc. v. Masco Corporation,* 258 F.R.D. 545, 556 (N.D. Ga. 2007) (noting that appointment of co-lead interim class counsel permitted counsel to prosecute a class action for two years and obtain "millions of pages of documents" and "hire experts" to analyze class claims); *In re Terazosin Hydrochloride Anti-Trust Litigation*, 220 F.R.D. 672, 701 (S.D. Fla. 2004) (recognizing that appointment of co-lead interim class counsel permitted counsel to "explore every avenue of recovery" on behalf of the class, review "millions of pages" of documents, take deposition around the country, and prosecute the class certification motions).

Here, a significant amount of discovery and related motion practice is expected to take place prior to the determination of certification. Fed.R.Civ.P. 23, Advisory Committee Notes (2003) (noting that interim counsel may be necessary to "make or respond to motions before certification"). In fact, Plaintiff's counsel has already begun informal discovery efforts by issuing a Freedom of Information Act ("FOIA") request to obtain all documents uncovered in the FTC's investigation and administrative action. Despite Plaintiff's counsel efforts to conduct informal discovery, a significant amount of formal discovery and related motion practice is expected to take place prior to the determination of certification and appointment of lead class counsel. Additionally, discovery in this matter will likely be complicated and require negotiations and motions even prior to class certification. Finally, Oreck has yet to answer and may move to dismiss or stay one or more of the causes of action. Proposed Co-Lead Interim Class Counsel's prior investigations into the claims will enable them to more than adequately handle this discovery and related motion practice.

### ii) Counsel's Experience in Handling Class Actions and Other Complex Litigation

Proposed Co-Lead Interim Class Counsel are experienced in complex and class action litigation of this nature and are well qualified to lead the Class under Fed.R.Civ.P. 23.

### A) Bursor & Fisher

Bursor & Fisher focuses on complex commercial litigation and class actions. The firm's attorneys have represented both plaintiffs and defendants in more than 70 class action lawsuits in state and federal courts throughout the country in a variety of fields, including telecommunications, home appliances, pharmaceuticals and dietary supplements. Specifically, the attorneys of Bursor & Fisher have been appointed by courts to represent customers of Verizon Wireless, AT&T Wireless, Cingular Wireless, Sprint and T-Mobile, as well as purchasers of Avacor and Xenadrine products.

The attorneys of Bursor & Fisher have been appointed lead or co-lead class counsel to the largest, 2nd largest and 3rd largest classes ever certified. In addition, their attorneys have negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and 2nd largest classes ever certified). These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications. *Id*.

The lawyers of Bursor & Fisher also have an active civil trial practice, having won multi-million dollar verdicts or recoveries in four of four civil jury trials since 2008. For example, while serving as lead trial counsel in *Thomas v. Global Vision Products, Inc.*, Bursor & Fisher obtained a $50 million jury verdict in favor of the plaintiff and class. *Id*. In another example, in *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million trial verdict for a class of Sprint customers on a common count for money had and received, and on claims for unjust

enrichment and violations of state fraud acts very similar to those asserted here in Counts III and V. Bursor & Fisher's firm resume is annexed as Exhibit A.

### B) Faruqi & Faruqi

Faruqi & Faruqi is a national law firm with offices in New York, Pennsylvania, Florida, and California. The firm's attorneys focus on complex and class action litigation involving antitrust, consumer, financial, corporate governance, and securities matters, and have served as lead or co-lead counsel in numerous high-profile cases which ultimately provided significant recoveries to investors, consumers, and employees.

Faruqi & Faruqi has extensive experience in the litigation, trial, and settlement of complex class actions. The firm's attorneys have represented consumers in a variety of state and federal complex class action cases. For example, Faruqi & Faruqi was co-lead counsel in *In re: HP Power-Plug Litigation*, Case No. 06-1221 (N.D. Cal.), which provided full relief to class members with a settlement consisting of a cash payment up to $650.00, or in the alternative, a repair free-of-charge and free of shipping and handling costs and new limited warranty, to compensate class members for defective laptop computers manufactured by defendant). Also, in *Delre v. Hewlett-Packard Co.*, C.A. No. 3232-02 (N.J. Super. Ct. 2002), Faruqi & Faruqi obtained full relief for a class of approximately 170,000 members who purchased HP dvd-100i dvd-writers ("HP 100i") after HP misrepresented the write-once ("DVD+R") capabilities of the HP 100i; including, the compatibility of DVD+RW disks written by HP 100i with DVD players and other optical storage devices. HP agreed to replace the defective HP 100i with its more current, second generation DVD writer, the HP 200i for affected class members and refund the $99 it had charged some consumers to upgrade from the HP 100i to the HP 200i prior to the settlement.

Recently, in *Thomas v. Global Vision Products*, Case No. RG-03091195, (California Superior Ct., Alameda Cty.), Faruqi & Faruqi served as co-lead counsel, along with Bursor & Fisher, in a consumer class action lawsuit against Global Vision Products, Inc, the manufacturer of the Avacor hair restoration product and its officers, directors and spokespersons, in connection with the false and misleading advertising claims regarding the Avacor product line. Though the company had declared bankruptcy in 2007, Faruqi & Faruqi, along with Bursor & Fisher, successfully prosecuted two trials to obtain relief for the class of Avacor purchasers. In January 2008, a jury in the first trial returned a verdict of almost $37 million against two of the creators of the product. In November 2009, another jury awarded plaintiff and the class more than $50 million against two other company directors and officers, representing the largest consumer class action jury award in California for 2009 (according to the legal trade publication VerdictSearch).[3] Faruqi & Faruqi's resume is annexed as Exhibit B.

### C) Thornton, Davis & Fein

Thornton, Davis & Fein focuses on complex commercial, construction, product liability and class actions. Mr. Davis is an AV rated board certified civil trial lawyer who has been practicing for more than thirty years. He has acted as lead counsel in more than 50 trials of complex civil litigation matters including mass disaster litigation, construction litigation, multidistrict product liability cases involving drugs and medical devices, quadriplegia and brain damage cases, intellectual property, and insurance bad faith and fraud. He is repeatedly voted as a "super lawyer" by his colleagues and has lectured and taught extensively on trial practice, both as an adjunct professor and as a trial academy faculty member.

---

[3] As the court noted in *Ingram*, here proposed Co-Lead Interim Class Counsel have a history of working together effectively and efficiently and have achieved outstanding results. *See Ingram*, 2009 WL 1653565 at 1 (appointing co-lead interim class counsel because counsel had worked together effectively and efficiently in the past and achieved outstanding results).

With regard to class actions, Mr. Davis has been counsel in numerous class actions in connection with claims alleging false advertising and unfair trade practices, including telecommunications companies where billing practices were at issue.  In addition, Mr. Davis defended Andrx in a class action alleging price fixing and anti-trust violations associated with Cardizem CD.  He has also been lead counsel in multidistrict mass disaster litigation, including aviation mass disaster cases involving Arrow Air and American Airlines.  Thornton, Davis & Fein's firm resume is annexed as Exhibit C.

### iii)     Counsel's Knowledge of the Applicable Law

Proposed Co-Lead Interim Class Counsel are knowledgeable about the law applicable to the claims herein, as demonstrated by their experience litigating other multi-state class actions, and in particular consumer fraud class actions.  As set forth above, Bursor & Fisher, Faruqi & Faruqi, and Thornton, Davis & Fein have extensive experience in litigating multi-state consumer class actions, and are familiar with this Court's rules and procedures.  Undersigned counsel will, and continue to, capitalize on their unique knowledge of the claims to further the interests of the Class and maximize their recovery.

### iv)     The Resources Counsel Will Commit to Representing the Class

Undersigned counsel have devoted (and will continue to devote) substantial hours of attorney time and out-of-pocket expenses to this litigation.  Counsel will commit the same resources and effort to this case as they have committed to their other, successful litigations.

### CONCLUSION

For the reasons set forth above, Bursor & Fisher, P.A., Faruqi & Faruqi, LLP, and Thornton, Davis & Fein, P.A. should be appointed Co-Lead Interim Class Counsel pursuant to Rule 23(g).

Dated:  August 23, 2011.                    Respectfully submitted,


By:   s/Barry L. Davis
        Barry L. Davis

THORNTON, DAVIS & FEIN, P.A
Barry L. Davis  (State Bar No. 294977)
Daniel R. Lever (State Bar No. 044485)
80 SW Eighth Street, 29th Floor
Miami, Florida 33130
Telephone: (305) 446-2646
Email:  davis@tdflaw.com
        lever@tdflaw.com

BURSOR & FISHER, P.A.
Scott A. Bursor (State Bar No. 68362)
3595 Sheridan Street, Suite 206
Hollywood, Florida 33021
Telephone: (954) 239-0007
Email:  scott@bursor.com

BURSOR & FISHER, P.A.
Sarah N. Westcot (*pro hac vice to be filed*)
2121 North California Boulevard, Suite 1010
Walnut Creek, California 94596
Telephone: (925) 482-1515
Email:  swestcot@bursor.com

FARUQI & FARUQI, LLP
Antonio Vozzolo (*pro hac vice to be filed*)
Christopher Marlborough (State Bar No. 894621)
369 Lexington Avenue, 10th Floor
New York, New York 10017
Telephone: (212) 983-9330
Email:  avozzolo@faruqilaw.com
        cmarlborough@faruqilaw.com

*Attorneys for Plaintiff*

_____
PLAINTIFF'S MOTION TO APPOINT CO-LEAD INTERIM CLASS COUNSEL                12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was served electronically this 23rd day of August, 2011 upon: David Aronoff, Winston & Strawn, 333 S. Grand Ave, 38th Floor, Los Angeles, Ca 90071-1543, Tel: 1 213.615.1866, Fax: 1 213.615.1750, daronoff@winston.com.

Dated:  August 23, 2011.                                   Respectfully submitted,


                                                           By:   s/Barry L. Davis
                                                                    Barry L. Davis

                                                           THORNTON, DAVIS & FEIN, P.A
                                                           Barry L. Davis  (State Bar No. 294977)
                                                           Daniel R. Lever (State Bar No. 044485)
                                                           80 SW Eighth Street, 29th Floor
                                                           Miami, Florida 33130
                                                           Telephone: (305) 446-2646
                                                           Email:  davis@tdflaw.com
                                                                      lever@tdflaw.com